PHILADELPHIA PICKLING COMPANY, PLAINTIFF-APPELLANT, v. MARYLAND CASUALTY COMPANY, DEFENDANT-RESPONDENT.

Argued March 21, 1916—Decided June 19, 1916.

1. "Paid and satisfied" in a manufacturer's employer's liability policy of insurance, as applied to a judgment, mean when the judgment is fully paid. The judgment to be paid and satisfied does not necessarily mean canceled of record.

2. There is no legal liability of an insurance company, to a corporation other than the assured, to whom the policy has been transferred by the assured, after the policy under its terms had expired, under an agreement, by which the assets and liabilities of the assured were transferred to the new corporation.

On appeal from the Supreme Court.

For the plaintiff-appellant, *Wilson & Carr*.

For the defendant-respondent, *Richard F. Jones* and *Marshall Van Winkle*.

The opinion of the court was delivered by

BLACK, J. This is an appeal from the second trial of this case. The first trial resulted in a verdict for the appellant for the sum of $4,356.01. This verdict was set aside by the Supreme Court. A second trial was had, and at that trial a stipulation in writing was made that the case be submitted to the jury, upon the printed record of the first trial used in the Supreme Court. This resulted in the direction of a verdict for the respondent, by direction of the trial court, in accordance with the opinion of the Supreme Court setting aside the first verdict. It is the propriety of this ruling by the trial court that is brought under review by this appeal. The case cannot be intelligently considered without a statement of the dominant facts, which are somewhat voluminous.

The action was brought by the Philadelphia Pickling Company, a corporation, the appellant, against the Maryland Casualty Company, the respondent, upon a manufacturer's employer's liability policy of insurance. The policy was in the usual form of liability insurance policies. Walter Chambers, an employe of the assured, on September 19th, 1907, while the policy was in force, was injured at the assured's factory at Eldora, New Jersey. Chambers brought suit against the assured, recovering a judgment on January 5th, 1909, for $4,000. The policy had been issued to "Philadelphia Pickling Company," which was in reality Sallie

332    COURT OF ERRORS AND APPEALS.

Phila. Pickling Co. v. Maryland Cas. Co.    *89 N. J. L.*

Wittenberg. She had adopted that name for her business, and had taken out her employer's insurance in that trade name. However, after verdict and before final judgment in the Chambers suit, viz., on the 7th day of November, 1908, by an agreement, in writing, Sallie Wittenberg, called also the Philadelphia Pickling Company, transferred her business to the plaintiff-appellant, the corporation, which took over the assets and assumed the liabilities of the trade name, including any claim then existing or thereafter to be made by Walter Chambers, for which suit had already been brought. The policy of the Maryland Casualty Company involved in this suit was passed, or attempted to be passed, by a parol transfer and delivery. Subsequently, Chambers sued the corporation, the appellant, in an action on contract. This action was based upon the judgment obtained in the tort action against the trade name, the Philadelphia Pickling Company, and the assumption by the corporation of the assets and liabilities of the trade name under the written agreement. A judgment was obtained on December 19th, 1911, for the sum of $4,816.05, which was affirmed by this court *Chambers* v. *Philadelphia Pickling Co.,* 83 *N. J. L.* 543. The same case was on demurrer to the declaration in the Supreme Court. *Chambers* v. *Philadelphia Pickling Co.,* 79 *Id.* 1. The Philadelphia Pickling Company, the corporation, the appellant and plaintiff below, paid Chambers the amount of a judgment; hence the present suit to recover from the respondent and defendant below, the Maryland Casualty Company, the amount so paid. The action is claimed by the respondent to be in defiance of the conditions contained in the policy. The ruling of the trial court was in favor of the respondent. The appellant prosecutes this appeal and seeks to have the judgment reversed.

The alleged errors, it is argued, arose out of the terms of the policy of insurance, and will be considered, so far as is necessary, to a determination of the case.

Thus, the policy requires that action shall be brought within ninety days after the judgment has been "paid and satisfied." The judgment was paid and satisfied by October

MARCH TERM, 1916.      333

89 N. J. L.      Phila. Pickling Co. v. Maryland Cas. Co.

31st, 1913. The action was not begun until May 5th, 1914, when the ninety days had expired. It was on this point the Supreme Court reversed the judgment. The appellant now urges that the action of the Supreme Court was error, upon an argument which is twofold. First, the above condition or limitation was wholly dependent upon the concurrent performance, by the insurer, of its obligation to defend the action brought by an employe against its assured, and second, the limitation by its own terms had no application to the present suit. Without attempting to pursue this line of argument to the conclusion reached by the appellant, it is sufficient to say, we do not so read or apply the time limitation of the policy. Counsel concedes, standing by themselves, the correctness of the grounds, assigned by the Supreme Court, for its conclusion, but say the court overlooked the argument, as stated above. On the construction of the terms the Supreme Court held that satisfaction does not mean satisfied of record. It means satisfaction in the ordinary sense, which the man in the street would understand the word, viz., that when the judgment was paid in full it was satisfied. The Supreme Court said the appellant sought to escape the difficulty upon the ground that forty cents was paid by the attorney to Chambers' attorneys for satisfaction pieces and for canceling the judgment, thus extending the ninety days in which to bring the suit, the judgment having been previously paid. Satisfied and paid are here synonymous. So, in the act concerning judgments, section 22, there is a clear distinction between satisfaction and acknowledgment of satisfaction upon the record of a judgment. On this point we are satisfied with the reasons and conclusion of the Supreme Court. The trial court was not, therefore, in error in following the ruling of the Supreme Court.

Another fundamental difficulty with the plaintiff's case is this: The policy was issued to Sallie Wittenberg, under the trade name of Philadelphia Pickling Company, in 1906. It makes no difference that she was then operating under the trade name of the Philadelphia Pickling Company. The business was in fact Sallie Wittenberg's; the insurance was

334     COURT OF ERRORS AND APPEALS.

Phila. Pickling Co. v. Maryland Cas. Co.     *89 N. J. L.*

the insurance of Sallie Wittenberg. The injury to Chambers happened September 19th, 1907. He brought suit against Sallie Wittenberg under the trade name of the Philadelphia Pickling Company, on April 1st, 1908, obtaining a verdict September 30th, 1908. Thereafter there were proceedings for a new trial. On November 7th, 1908, the present plaintiff was incorporated as the Philadelphia Pickling Company. The policy had expired November 25th, 1907, so that, at the time the appellant was incorporated there was no policy and the injury had happened a year before. Clearly, the appellant cannot recover as the assured under the policy. The difficulty, however, is this: Sallie Wittenberg never suffered any loss. She never paid any money. The money that was paid was paid by the present appellant, the Philadelphia Pickling Company, incorporated. It paid by installments and satisfied a judgment recovered against it upon a contract which it had made with Sallie Wittenberg. The case on demurrer, the Supreme Court held that the declaration framed on this agreement set out a good cause of action; that a contract made between A and B, by the terms of which B agrees to pay a debt, which A owes to C, is a contract for the benefit of C within section 28 of the Practice act. *Chambers* v. *Philadelphia Pickling Co.,* 79 *N. J. L.* 1; 83 *Id.* 543. That case was in contract, so the judgment recovered against the appellant in that action was based upon a contract. After the payment of the amount of a judgment, both judgments, *i. e.,* the tort judgment and the contract judgment, were satisfied of record. The present appellant, the Philadelphia Pickling Company, cannot recover on the contract made by it with Sallie Wittenberg after the policy of insurance had expired and obtain any rights under the policy. There was no loss under the policy. While it is true Sallie Wittenberg had assigned her cause of action, she could not assign any loss, for she had already had that loss made good to her by the Philadelphia Pickling Company, not by way of indemnity, but as a part of the purchase price of the property.

Condition F of the policy provides: "No action shall lie against the company to recover for any loss under this policy unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue; nor unless such action is brought within ninety (90) days after such judgment, by a court of last resort, against the assured has been so paid and satisfied. The company does not prejudice by this condition any defences to such action it may be entitled to make under this policy."

This view disposes of the case and renders it unnecessary to further consider the interesting points raised and discussed at some length in appellant's brief, such, as whether the work that Chambers was doing, at the time of the injury, was covered by the terms of the policy; or whether the action was brought by the assured for a loss actually sustained and paid in money by the assured in satisfaction of a judgment, after trial of the issue, as provided by the terms of the policy; or whether there was a breach of the warranties of the policy.

Finding no error in the record the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   15.

*For reversal*—None.